MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
CRESCENCIO MORENO HERNANDEZ, *individually and*
*on behalf of others similarly situated,*

                                *Plaintiff,*

-against-

SPRING REST GROUP, LLC. (d/b/a GATSBY'S BAR),
DENISE LEONARD and JASON SHERIDAN,

                                *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Crescencio Moreno Hernandez ("Plaintiff Moreno" and "Mr. Moreno"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Spring Rest Group, LLC (d/b/a Gatsby's Bar) ("Defendant Corporation"), Denise Leonard, and Jason Sheridan (collectively, "Defendants"), alleges, upon information and belief, as follows:

**NATURE OF ACTION**

      1.      Plaintiff was an employee of Defendants Spring Rest Group, LLC (d/b/a Gatsby's Bar), Denise Leonard, and Jason Sheridan.

      2.      Gatsby's Bar is a casual pub/restaurant owned by Denise Leonard and Jason Sheridan located at 53 Spring St., New York, NY, 10012.

      3.      Upon information and belief, Defendants Denise Leonard and Jason Sheridan serve or served as owners, managers, principals, or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

      4.      Plaintiff Moreno was an employee of Defendants.

1

5. Plaintiff Moreno worked long days as a cook at the restaurant located at 53 Spring St., New York, NY, 10012.

6. Plaintiff Moreno regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Moreno appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Moreno the required "spread of hours" pay for any day in which he worked over 10 hours.

9. Defendants' conduct extended beyond Plaintiff Moreno to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Moreno and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Moreno now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the "overtime wage order" codified at N.Y. COMP. CODES R. & REGS. Tit. 12 §§ 142-2.2, 2.4 (2006), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12. Plaintiff Moreno seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

2

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Moreno's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Moreno was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Crescencio Moreno Hernandez ("Plaintiff Moreno" or "Mr. Moreno") is an adult individual residing in Bronx County, New York.

16. Plaintiff Moreno was employed by Defendants from approximately June 2, 2008 until on or about July 10, 2016.

17. At all relevant times to this complaint, Plaintiff Moreno was employed by Defendants as a cook at Gatsby's Bar, located at 53 Spring St., New York, NY, 10012.

18. Plaintiff Moreno consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. Defendants own, operate, and/or control a casual pub/restaurant located at 53 Spring St., New York, NY, 10012 under the name of Gatsby's Bar, at all times relevant to this complaint.

20. Upon information and belief, Defendant Spring Rest Group, LLC. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 53 Spring St., New York, NY, 10012.

21. Defendant Denise Leonard is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22. Defendant Denise Leonard is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

23. Defendant Denise Leonard possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

24. Defendant Denise Leonard determined the wages and compensation of employees, including Plaintiff Moreno, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25. Defendant Jason Sheridan is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26. Defendant Jason Sheridan is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27. Defendant Jason Sheridan possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28. Defendant Jason Sheridan determined the wages and compensation of employees, including Plaintiff Moreno, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

29. Defendants own, operate and/or control a casual pub/restaurant located at 53 Spring St., New York, NY, 10012.

30. Individual Defendants Denise Leonard and Jason Sheridan possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

31. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32. Each Defendant possessed substantial control over Plaintiff Moreno's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Moreno, and all similarly situated individuals, referred to herein.

33. Defendants jointly employed Plaintiff Moreno, and all similarly situated individuals, and are Plaintiff Moreno's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34. In the alternative, Defendants constitute a single employer of Plaintiff Moreno and/or similarly situated individuals.

35. Upon information and belief, Individual Defendants Denise Leonard and Jason Sheridan operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

36. At all relevant times, Defendants were Plaintiff Moreno's employers within the meaning of the FLSA and NYLL.

37. Defendants had the power to hire and fire Plaintiff Moreno, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Moreno's services.

38. In each year from 2011 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, beverages, foods, and numerous other items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

40. Plaintiff Moreno is a former employee of Defendants, who was employed as a cook.

41. Plaintiff Moreno seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Crescencio Moreno Hernandez*

42. Plaintiff Moreno was employed by Defendants from approximately June 2, 2008 until on or about July 10, 2016.

43. At all relevant times, Plaintiff Moreno was employed by Defendants to work as a cook.

44. Plaintiff Moreno regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a cook.

45. Plaintiff Moreno's work duties required neither discretion nor independent judgment.

46. Throughout his employment with Defendants, Plaintiff Moreno regularly worked in excess of 40 hours per week.

47. From approximately August 2011 until on or about July 10, 2016, Plaintiff Moreno worked from approximately 11:00 a.m. until on or about 11:00 p.m. or 11:45 p.m. three days per week and from approximately 11:00 a.m. to 5:30 p.m. or 6:00 p.m. three days per week; however, Plaintiff Moreno would work 3 extra hours on average per week because he was required to stay past his scheduled time every day (typically 58.5 to 62.25 hours per week).

48. For approximately three weeks per year throughout his employment, Plaintiff Moreno worked from approximately 11:00 a.m. until on or about 12:00 a.m. or 12:30 a.m. six days per week (typically 78 to 81 hours per week).

49. From approximately August 2011 until on or about December 2012, Plaintiff Moreno was paid his wages by check.

50. From approximately January 2013 until on or about July 10, 2016, Plaintiff Moreno was paid his wages in a combination of check and cash.

51. From approximately August 2011 until on or about December 2012, Defendants paid Plaintiff Moreno a flat weekly salary of $600.

52. From approximately January 2013 until on or about July 10, 2016, Defendants paid Plaintiff Moreno a flat weekly salary of $600 ($400 by check and $200 in cash).

53. Defendants did not pay Plaintiff Moreno the cash portion of his wages for the last week of employment $200.

54. Plaintiff Moreno's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

55. For example, Defendants required Plaintiff Moreno to work twenty to thirty minutes past his scheduled departure time four days per week and thirty to forty-five minutes past his scheduled departures time two days per week, and did not compensate him for the additional time they required him to work.

56. Defendants never granted Mr. Moreno meal breaks or rest periods of any kind during his work hours.

57. Defendants did not provide Plaintiff Moreno with an accurate document or other statement accounting for his actual hours worked, or setting forth the accurate rate of pay for all of his hours worked.

58. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Moreno regarding wages as required under the FLSA and NYLL.

59. Defendants did not provide Plaintiff Moreno with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

60. Defendants did not give any notice to Plaintiff Moreno, in English and in Spanish (Plaintiff Moreno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61. Defendants required Plaintiff Moreno to purchase "tools of the trade" with his own funds- including 5 pairs of pants and 5 shirts per year.

*Defendants' General Employment Practices*

62. Defendants regularly required Plaintiff Moreno to work in excess of forty (40) hours per week without paying him minimum wage, overtime compensation and spread of hours pay.

63. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Moreno and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

64. Defendants paid Plaintiff Moreno a fixed weekly salary regardless of the number of hours he worked each week.

65. Plaintiff Moreno was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66. Defendants habitually required Plaintiff Moreno to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

67. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Moreno by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

68. Defendants paid Plaintiff Moreno his wages by check at first and then in a combination of cash and check.

69. Defendants willfully disregarded and purposefully evaded accurate recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

70. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Moreno with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Moreno's relative lack of sophistication in wage and hour laws.

71. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Moreno (and similarly situated individuals) worked, and to avoid paying Plaintiff Moreno properly for (1) his full hours worked, (2) the minimum wage, (3) for overtime due and (4) spread of hours pay.

72. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

73. Defendants' unlawful conduct was intentional, willful, in bad faith, and has caused significant damages to Plaintiff Moreno and other similarly situated current and former cooks.

74. Defendants failed to provide Plaintiff Moreno and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

75. Defendants failed to provide Plaintiff Moreno and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

76. Plaintiff Moreno brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Gatsby's Bar (the "FLSA Class").

77. At all relevant times, Plaintiff Moreno and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

78. The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

79. Plaintiff Moreno repeats and re-alleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff Moreno's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Moreno (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

81. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83. Defendants failed to pay Plaintiff Moreno (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

84. Defendants' failure to pay Plaintiff Moreno (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiff Moreno (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

86. Plaintiff Moreno repeats and re-alleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of the FLSA, failed to pay Plaintiff Moreno (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

88. Defendants' failure to pay Plaintiff Moreno (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

89. Plaintiff Moreno and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

90. Plaintiff Moreno repeats and re-alleges all paragraphs above as though fully set forth herein.

91. At all times relevant to this action, Defendants were Plaintiff Moreno's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Moreno (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

92. Defendants, in violation of the NYLL, paid Plaintiff Moreno (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

93. Defendants' failure to pay Plaintiff Moreno (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

94. Plaintiff Moreno (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF

### THE NEW YORK STATE LABOR LAWS

95. Plaintiff Moreno repeats and re-alleges all paragraphs above as though fully set forth herein.

96. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Moreno (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

97. Defendants failed to pay Plaintiff Moreno (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

98. Defendants' failure to pay Plaintiff Moreno (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

99. Plaintiff Moreno (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

100. Plaintiff Moreno repeats and re-alleges all paragraphs above as though fully set forth herein.

101. Defendants failed to pay Plaintiff Moreno (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Moreno's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

102. Defendants' failure to pay Plaintiff Moreno (and the FLSA Class members) an additional hour's pay for each day Plaintiff Moreno's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

103. Plaintiff Moreno (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

104. Plaintiff Moreno repeats and re-alleges all paragraphs above as though fully set forth herein.

105. Defendants failed to provide Plaintiff Moreno with a written notice, in English and in Spanish (Plaintiff Moreno's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

106. Defendants are liable to Plaintiff Moreno in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

107. Plaintiff Moreno repeats and re-alleges all paragraphs above as though set forth fully herein.

108. Defendants did not provide Plaintiff Moreno with wage statements upon each payment of wages, as required by NYLL 195(3).

109. Defendants are liable to Plaintiff Moreno in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

110. Plaintiff Moreno repeats and realleges all paragraphs above as though set forth fully herein.

111.    Defendants required Plaintiff Moreno to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as pants and shirts, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

112.    Plaintiff Moreno was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Moreno respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Moreno and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Moreno and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Moreno's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Moreno and the FLSA class members;

(f)    Awarding Plaintiff Moreno and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Moreno and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for

any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Moreno and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Moreno and the members of the FLSA Class;

(j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Moreno and the members of the FLSA Class;

(k) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Moreno's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Moreno and the members of the FLSA Class;

(m) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Moreno and the FLSA Class members;

(n) Awarding Plaintiff Moreno and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as spread of hours pay under the NYLL as applicable;

(o) Awarding Plaintiff Moreno and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p) Awarding Plaintiff Moreno and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Moreno and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following

issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Moreno demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       August 11, 2017

                               MICHAEL FAILLACE & ASSOCIATES, P.C.

                               <u>/s/ Michael Faillace</u>
                     By:    Michael A. Faillace [MF-8436]
                             60 East 42nd Street, Suite 4510
                             New York, New York 10165
                             (212) 317-1200
                             *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　 Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 10, 2017

BY HAND

TO:　Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:　　　　　　　　　　Crescencio Moreno Herandez

　　　　　　　　　　　　　　　　　　Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

　　　　　　　　　　　　　　　　　　[signature]

Signature / Firma:

　　　　　　　　　　　　　　　　　　10 de agosto de 2017

Date / Fecha: