USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 17 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Crescencio Moreno Hernandez, *et al.*,

    Plaintiffs,

—v—

Spring Rest Group, LLC, *et al*,

    Defendants.

17-CV-6084 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

Plaintiffs, Crescencio Moreno Hernandez ("Mr. Moreno") and Antonio Salazar Vasquez ("Mr. Salazar"), brought an action alleging that Defendants Spring Rest Group, LLC, doing business as Gatsby's Bar, 54 Spring Rest Corp, doing business as Firefly, Denise Leonard, and Jason Sheridan (collectively, the "Defendants") failed to comply with various provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL") §§190 and 650 *et seq.* Dkt. No. 14, First Amended Complaint ("Am. Compl."). The FLSA actions are brought on behalf of themselves and all others similarly situated. Am. Compl. ¶¶ 95-97.

For the following reasons, the Court grants in part and denies in part Defendants' motion to dismiss.

I. **Background**

On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in plaintiffs' favor. *See Gatt Commc'ns, Inc. v. PMC Assocs.,*

1

*L.L.C.*, 711 F.3d 68, 74 (2d Cir. 2013). Accordingly, the following statement of facts is drawn from the Amended Complaint.

Gatsby's Bar is a casual pub/restaurant owned by Denis Leonard and Jason Sheridan located at 53 Spring St., New York, NY, 10012. Am. Compl. ¶ 2. Firefly was a pub owned by Denise Leonard and Jason Sheridan located at 54 Spring St., New York, NY, 10012. Am. Compl. ¶ 3. Plaintiffs were employed by Defendants as cooks. Am. Compl. ¶¶ 1, 17, 18. Mr. Moreno was employed by Defendants from approximately June 2, 2008, until July 10, 2016. Am. Compl. ¶ 17. And Mr. Salazar was employed by Defendants from approximately June 20, 2012, until March 1, 2015. Am. Compl. ¶ 18.

According to the Amended Complaint, Defendants' approach to compensating Plaintiffs violated federal and state labor laws. Plaintiffs plead that they were not paid at the applicable minimum hourly rate under the FLSA (Count 1) and NYLL (Count 3). Am. Compl. ¶¶ 102, 111. The FLSA requires employers pay their employees a legally mandated minimum wage, currently set at $7.25 per hour. *See* 29 U.S.C. § 206(a)(1). The New York minimum wage for restaurant workers was $7.15 per hour during the relevant period of 2010 until December 31, 2013. N.Y. LAB. § 652. On December 31, 2013, it increased to $8.00, and remained at that rate through 2014. *Id.* On December 31, 2014, it increased to $8.75, and remained at that rate through 2015. *Id.* And on December 31, 2015, it increased to $9.00, and remained at that rate through 2016. *Id.*

Plaintiffs allege that Defendants failed to pay them overtime compensation under the FLSA (Count 2) and NYLL (Count 4). Am. Compl. ¶ 106. Under FLSA and NYLL, an employee who works more than 40 hours per week must be paid time and a half for each hour worked beyond 40. 29 U.S.C. § 207(a); 12 NYCRR § 146-1.4.

Plaintiffs allege that they are entitled to recover the costs of purchased equipment under the FLSA and NYLL (Count 8). Under promulgated FLSA regulations, "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act [FLSA] in any work week when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." 29 C.F.R. § 531.35. And there is a similar provision under NYLL. 12 NYCRR § 137–1.8 ("No allowance for the supply, maintenance, or laundering of required uniforms shall be permitted as part of the minimum wage.").

Plaintiffs plead three additional claims under NYLL. First, Plaintiffs allege that Defendants violated NYLL's spread of hours provisions (Count 5). Am. Compl. ¶¶ 120-21. On each day in which the beginning and end of the workday are more than 10 hours apart, a worker is entitled to "one additional hour of pay at the basic minimum hourly rate." NYCRR § 146-1.6(d). This provision applies regardless of the employee's hourly salary. *Id.* Second, Plaintiffs allege that Defendants did not provide Plaintiffs notice of their rate of pay as required by NYLL § 195(1) (Count 6). Am. Compl. ¶ 124. Third, Plaintiffs allege that Defendants violated NYLL's wage statement provisions required under NYLL § 195(3) (Count 7). Am. Compl. ¶ 127.

## II. Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Therefore, "pleadings that contain no more than conclusions are not entitled to the assumption of truth otherwise applicable." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (citations omitted).

The standard on a motion to dismiss that applies to FLSA claims also applies to NYLL claims. *See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 118 (2d Cir. 2013), *Dejesus*, 726 F.3d at n.5. Accordingly, the Court will address the FLSA claim and the comparable NYLL claim together, where applicable.[1]

## III. Threshold Issues

### a. Supplemental Jurisdiction

In their Motion to Dismiss, Defendants request that the Court decline supplemental jurisdiction over three of the state-law claims—the spread of hours claim, the notice of rate of pay violation claim, and the wage statement provisions violation claim. Dkt. No. 25-1, Defendants' Brief in Support of its Motion to Dismiss (Def. Br.) at 3. "The exercise of supplemental jurisdiction is within the sound discretion of the district court. Courts consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction." *Lundy*, 711 F.3d at 117–18. And the Second Circuit has upheld a District Court's exercise of supplemental jurisdiction when "state law claims are analytically identical" to federal claims. *Id.* at 118. As discussed below, the Court declines to dismiss all of the FLSA claims.

---

[1] Defendants do not respond directly to the NYLL claims in their Motion to Dismiss. As discussed above, because the same standard that applies to FLSA claims also applies to NYLL claims, the Court will treat Defendants' arguments opposing the FLSA claims as applicable to the comparable NYLL claims.

4

Therefore, at this stage, weighing the relevant factors, the Court will exercise supplemental jurisdiction over the NYLL claims. *See Tapia v. Blch 3rd Ave. LLC*, 2016 WL 4581341, at *4 (S.D.N.Y. Sept. 1, 2016).

### b. Defendant Firefly

Defendants argue that Plaintiffs' FLSA claims against Defendant Firefly are barred by the statute of limitations. *See* Def. Br. at 8-9. FLSA minimum wage and overtime claims have a three year statute of limitations. *See* 29 U.S.C. § 255. Plaintiffs allege violations against Defendant Firefly through August, 2014, Am. Compl. ¶ 18, however, the claims against Defendant Firefly were filed past the statute of limitations—in September, 2017. *See* Am. Compl. Plaintiffs counter that all Defendants are joint employers, or constitute a single employer, and therefore, the statute of limitations does not bar claims against Defendant Firefly. *See* Dkt. No. 30 at 7-8. If Defendants are joint employers, or single employers, the statute of limitations would not run on the claims against Defendant Firefly, because C.F.R. § 791.2 states that "if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the work week is considered as one employment for purposes of the Act [FLSA]."

Taking the facts as alleged in the complaint as true, Plaintiffs have sufficiently pled that Defendants are joint employers. Plaintiff alleges that "Defendants own(ed) operate(d) and/or control(led) two casual pub/restaurants located in the Soho [sic] section of Manhattan in New York City. Am. Compl. ¶ 30. And that "Individual Defendants Denise Leonard and Jason Sheridan possess(ed) operational control over" both Gatsby's and Firefly. *Id.* at ¶ 31. Therefore,

5

the motion to dismiss is denied to the extent it argues that the claims against Firefly are barred by the statute of limitations.

## IV. Plaintiffs' Claims

### a. Minimum Wage and Overtime Claims

Plaintiffs allege that Mr. Moreno and Mr. Salazar were not paid the requisite minimum wage or overtime pay under the FLSA and NYLL. Am. Compl. ¶¶ 102, 106, 111, 117. To state a FLSA minimum wage claim, a plaintiff must allege hours worked for which he or she did not receive a minimum wage. *Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, at *2 (S.D.N.Y. Sept. 16, 2014). And the Second Circuit has explained that "to survive a motion to dismiss [a FLSA overtime claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." *Lundy*, 711 F.3d at 114. "[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours." *Id.*

According to the Complaint, "from approximately August 2011 until on or about July 10, 2016, Plaintiff Moreno worked from approximately 11:00 a.m. until on or about 11:00 p.m. or 11:45 p.m. three days per week and from approximately 11:00 a.m. to 5:30 p.m. or 6:00 p.m. three days per week; however, Plaintiff Moreno would work 3 extra hours on average per week because he was required to stay past his scheduled time every day (typically 58.5 to 62.25 hours per week)." Am. Compl. ¶ 48. And for "approximately three weeks per year throughout his employment, Plaintiff Moreno worked from approximately 11:00 a.m. until on or about 12:00 a.m. or 12:30 a.m. six days per week (typically 78 to 81 hours per week)." Am. Compl. ¶ 49. During this time, Mr. Moreno earned a flat weekly salary of $600. Am. Compl. ¶¶ 52-53. The Complaint also alleges that "from approximately June 20, 2012 until on or about August 2014,

Plaintiff Salazar worked from approximately 1:00 p.m. until on or about 11:00 p.m. six days a week at the Firefly location (typically 60 hours per week)." Am. Compl. ¶ 68. And "from approximately August 2014 until on or about March 1, 2015, Plaintiff Salazar worked from approximately 1:00 p.m. until on or about 11:00 p.m. five days a week at the Gatsby's Bar location (typically 50 hours per week)." Am. Compl. ¶ 69. During this time, Plaintiffs allege that Mr. Salazar was paid a flat weekly salary of $400 per week. Am. Compl. ¶ 72. For both Mr. Moreno and Mr. Salazar, their "pay did not vary even when [they] were required to stay later or work a longer day than [their] usual schedule." Am. Compl. ¶¶ 55, 73.[2]

Defendants argue that Plaintiffs' claims should be dismissed because they lack specificity. *See* Def. Br. at 5-7; Dkt. No. 34 at n.2. Defendants rely on *Lundy* and *Dejesus* for their proposition. *See* Def. Br. at 5-7. However, Plaintiffs have pled their claims with more specificity than in those cases. In *Lundy*, the Plaintiffs had not alleged a single work week in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours. 711 F.3d at 106. In *Dejesus*, the Second Circuit dismissed an overtime claim because the plaintiff "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation...no more than rephrasing the FLSA's formulation." 726 F.3d at 89. Plaintiffs allege more than that here. *See* Am. Compl. ¶¶ 48-49, 52-53, 55, 68-69, 73, 102, 111. Plaintiffs allege specific weeks that they were not paid the requisite minimum wage. *See id.* And Plaintiffs allege specific weeks and the amount of hours worked over 40 hours where they were not compensated with overtime wages. *See id.*

---

[2] Mr. Salazar also alleges that "sometimes Defendants paid [him] a fixed salary of $300 per week." Am. Compl. ¶ 72. This point is not pled with enough specificity. *See* 726 F.3d at 89. Accordingly, the Court is only relying on the well-pled allegation that "[f]rom approximately June 2012 until or about March 2015, Defendants paid Mr. Salazar a flat salary of $400 per week..." Am. Compl. ¶ 72.

7

Accordingly, Defendants' motion to dismiss Plaintiffs' minimum wage and overtime claims (Counts 1-4) is denied.

### b. Recovery of Equipment Costs

Plaintiffs bring a claim to recover the costs of equipment, or "tools of the trade." Am. Compl. ¶¶ 129-131. Specifically, Mr. Moreno and Mr. Salazar were each required to purchase "5 pairs of pants and 5 shirts per year." Am. Compl. ¶¶ 62, 80. "The FLSA prohibits employers from requiring employees to purchase the tools of their trade or give any money back to their employers, 'when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.'" *Yahui Zhang v. Akami Inc.*, 2017 WL 4329723, at *8 (S.D.N.Y. Sept. 26, 2017) (quoting 29 C.F.R. § 531.35). And there is a similar provision under NYLL. 12 NYCRR § 137–1.8. Defendants argue that Plaintiffs have insufficiently pled their claims, as they allege identical claims, do not indicate how much the tools cost, or when the tools were purchased, and if the tools reduced the Plaintiffs' compensation. Def. Br. at 8.

It is possible for Plaintiffs to have identical tools of the trade claims, as it is not uncommon for employers to require employees to purchase identical tools required for a job. Regardless, Plaintiffs have not sufficiently pled a tools of the trade claim. "Plaintiffs have failed to detail what their 'uniforms' are comprised of and, in particular, whether they consist of ordinary wardrobe items…or specially-made clothing items. Equally critical, plaintiffs have failed to state how much the purchase and maintenance of their uniforms cost them or how these costs relate to their weekly wage." *Guan Ming Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 512 (S.D.N.Y. 2010). While Plaintiffs explain that these purchases further reduced their wages, it is not clear from the pleadings whether and how they cut into Plaintiffs' expected

overtime and minimum wage compensation. *See* Am. Compl. ¶ 130. Plaintiffs do not specify why these items are required for the performance of the Plaintiffs' work. *See* 29 C.F.R. § 531.35 ("[I]f it is a requirement of the employer that the employee must provide tools of the trade which will be used *in or are specifically required for the performance of the employer's particular work*, there would be a violation of the [FLSA].") (emphasis added). Accordingly, Defendants' motion to dismiss Plaintiffs' equipment cost claim (Count 8) is granted.

### c. Remaining State Law Claims

Plaintiffs have three remaining state law claims under NYLL: the spread of hours violation, the notice of rate of pay violation, and the wage statement provisions violation. Am. Compl. ¶¶ 119-28. Defendants' only argument was that these claims should be dismissed for lack of supplemental jurisdiction. *See* Dkt. Def. Br. at 3, 9. As discussed above, at this stage, the Court will exercise supplemental jurisdiction.

## V. Conclusion

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss. The Court GRANTS Defendants' motion to dismiss Plaintiffs' recovery of equipment costs (Count 8). The Court DENIES Defendants' motion to dismiss Plaintiffs' minimum wage and overtime claims (Counts 1-4), spread of hours violation claim (Count 5), the notice of rate of pay violation claim (Count 6), and the wage statement provisions violation claim (Count 7).

An initial pretrial conference shall be scheduled in a separate order. This resolves Dkt. No. 25.

SO ORDERED.

Dated: August 17, 2018  
New York, New York

_____
ALISON J. NATHAN
United States District Judge